**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.R., Z.D., and L.R.**

**No. 20-0433** (Wyoming County 19-JA-24, 19-JA-25, and 19-JA-26)

## MEMORANDUM DECISION

Petitioner Mother H.D., by counsel Thomas H. Evans III, appeals the Circuit Court of Wyoming County's April 17, 2020, order terminating her parental rights to E.R., Z.D., and L.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed a response in support of the circuit court's order. The guardian ad litem, Sidney H. Bell, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period and terminating her parental rights without proper notice and the opportunity to be heard.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in holding the final dispositional hearing without ensuring that petitioner was properly noticed of the same. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In February and April of 2019, the DHHR received referrals regarding alleged sexual abuse of the children that occurred at the home of a male friend of petitioner. The DHHR implemented a temporary protection plan with petitioner in June of 2019, but shortly thereafter, petitioner abruptly left the three children in the care of another person who was not a parent, guardian, or custodian and with no indication of when she would return. Upon further investigation, the DHHR learned that petitioner had a history of substance abuse; the children had failed their grade levels in school; petitioner regularly left the children for weeks at a time with various people; and petitioner had not made long-term arrangements for the care, supervision, and custody of the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

children. Accordingly, in July of 2019, the DHHR filed a child abuse and neglect petition against petitioner based upon her drug abuse, her failure to provide basic necessities and a stable home for the children, and her failure to make proper arrangements for the children's care.

The circuit court held an adjudicatory hearing in September of 2019. Petitioner failed to appear, but she was represented by her counsel. The DHHR presented evidence that petitioner's substance abuse negatively impacted her ability to parent the children as she often left them in the care of others without a permanent structure of supervision. Ultimately, the circuit court adjudicated petitioner as an abusing parent.

Petitioner appeared for a multidisciplinary team ("MDT") meeting in October of 2019, during which the team agreed that she needed to complete inpatient drug rehabilitation. An intake worker for various drug rehabilitation programs offered to help petitioner secure admission. Petitioner tested positive for opiates, methamphetamine, and tetrahydrocannabinol at the MDT.

In February of 2020, the DHHR moved to terminate petitioner's parental rights based on her failure to cooperate with her family case plan, which had been formulated following an MDT meeting in October of 2019. The same month, the circuit court held a dispositional hearing. The DHHR worker testified that petitioner failed to cooperate with services and regular drug screening, claiming that she was homeless and lacked transportation, and refused to give an address or location to the worker to arrange transportation. The worker indicated that petitioner had not exercised visitation with the children during the proceedings and confirmed that petitioner was required to attend inpatient drug rehabilitation according to her family case plan. However, petitioner had not explicitly agreed to attend inpatient drug rehabilitation at the MDT in October of 2019. Next, the maternal grandmother testified that the children were doing well in her care and that she had taken care of them regularly for several weeks at a time for the past three years during stints when petitioner would suddenly leave the area. She stated petitioner had also left the children with her adult son who was unable to care for them. She said that petitioner had been addicted to drugs for at least ten years and was unable to take care of the children. Ultimately, the court did not rule on the DHHR's motion to terminate petitioner's parental rights at this time.

Petitioner testified at a status hearing in October of 2019 and admitted to testing positive for methamphetamine. She also stated that she failed to attend prior hearings because she did not know the dates and times and blamed the maternal grandmother for not forwarding her mail to her. When asked if she acknowledged her drug abuse problem, petitioner answered, "Yes, I have a drug problem if it will help me get my kids back. I'll say I do have a problem." The circuit court deferred ruling on the termination of petitioner's parental rights and granted petitioner's motion for an improvement period to allow petitioner the opportunity to enroll into and complete drug detoxification and inpatient drug rehabilitation. However, the circuit court cautioned that if petitioner failed to do so, it would hold another hearing and terminate her improvement period and parental rights. The circuit court set the next hearing for May of 2020 but noted that if petitioner left the inpatient drug rehabilitation program before then, the circuit court would set an earlier hearing date.

2

On March 31, 2020, the DHHR sent out a timely notice of telephonic[2] hearing set for April 7, 2020. However, that date was continued to April 9, 2020. The details surrounding when and how the date was rescheduled are not apparent in the record.[3] At the April 9, 2020, hearing, petitioner failed to appear, but counsel represented her. The DHHR presented evidence that petitioner completed the drug detoxification program and enrolled into a nine-to-twelve-month inpatient drug rehabilitation program but was removed from the program after thirty days. The circuit court found that the primary issue in petitioner's case was her untreated chronic substance abuse, which made petitioner a "part-time mother" to the children as she routinely "left the children at different times with different people without the children knowing when she would return." The court noted that for the majority of the proceedings, petitioner failed to acknowledge her substance abuse and resultant inability to care for the children and only had a change of heart at the hearing upon the DHHR's motion for termination of her parental rights in February of 2020. Having found that petitioner failed to comply with the most crucial term of her improvement period—completion of long-term inpatient drug rehabilitation— the circuit court terminated petitioner's improvement period. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. The circuit court terminated petitioner's parental rights by order entered on April 17, 2020.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]Due to COVID-19 pandemic guidelines, the circuit court held the hearing telephonically rather than in-person.

[3]The guardian ad litem asserts that the April 9, 2020, hearing date "was passed by agreement of all the parties," but fails to cite to the record showing that the agreement, in fact, occurred.

[4]The father's parental rights were also terminated. The permanency plan for the children is adoption by the maternal grandmother.

On appeal, petitioner argues that the circuit court erred by failing to give proper notice of the final dispositional hearing which prevented her from appearing and having the opportunity to be heard. According to petitioner, on March 31, 2020, the DHHR sent notices to the parties via mail and facsimile that the telephonic hearing would be held on April 7, 2020. However, that hearing date was changed to April 9, 2020, "with no additional notice." Due to the short notice of the continuance, petitioner argues that she did not receive adequate notice of the new hearing date which resulted in her failure to call in for the telephonic hearing and explain her dismissal from the drug rehabilitation program.[5]

Pursuant to Rule 31 of the Rules of Procedure for Child Abuse and Neglect Proceedings, "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Further, "[c]ircuit courts must provide the parties with notice of the disposition hearing prior to actually holding the hearing." *In re Travis W.*, 206 W. Va. 478, 483, 525 S.E.2d 669, 674 (1999). We note that it is unclear from the record when the April 7, 2020, date was changed to April 9, 2020, as there was no notice of the April 9, 2020, hearing filed below and there is no transcript of the April 9, 2020, hearing in the record. There is also no evidence that petitioner had actual notice of the April 9, 2020, hearing date. However, it appears that any notice of the April 9, 2020, hearing date fell short of the required ten days for timely notice. *See* W. Va. Code § 49-4-601(e)(1) (requiring "at least 10 days' notice of any . . . hearing").

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Here, the record shows that the circuit court held a final dispositional hearing without proper notice to petitioner. *See Travis W.*, 206 W. Va. at 483, 525 S.E.2d at 674 (holding that a circuit court's failure to comply with Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was a substantial disregard of process and required remand).

Accordingly, we find that because the circuit court substantially disregarded the process established by the rules, the resulting dispositional order must be vacated, and the case must be remanded for compliance with that process. As such, it is unnecessary to address petitioner's

---

[5]Petitioner incorrectly cites Rule 6 of the West Virginia Rules of Civil Procedure, in support of her argument. Rule 81(a)(7) of the West Virginia Rules of Civil Procedure provides that "rules 5(b), 5(e) and 80 [of these rules] apply, but the other rules do not apply, to juvenile proceedings brought under the provisions of chapter 49 [§ 49-1-101 et seq.] of the West Virginia Code." Accordingly, Rule 6 of the West Virginia Rules of Civil Procedure is inapplicable.

arguments regarding her improvement period and the termination of her parental rights as our ultimate determination is controlled by the circuit court's failure to properly notice a final dispositional hearing.

For the foregoing reasons, we vacate the circuit court's April 17, 2020, order, insomuch as it relates to petitioner's parental rights only, and remand this matter to the circuit court for the holding of a properly noticed dispositional hearing within thirty days of the issuance of this memorandum decision, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**:  June 3, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton